JOSEPH SIGRETTO, PROSECUTOR, v. THE BOARD OF AD-
JUSTMENT OF THE BOROUGH OF RUTHERFORD AND
CLARENCE HARDIN, BUILDING INSPECTOR OF THE
BOROUGH OF RUTHERFORD, RESPONDENTS.

Argued January 30, 1946—Decided February 1, 1946.

Before Justice BODINE, at chambers under the statute.

For the prosecutor, *Sher, Malech & Sher* (*Sydney Sher*).

For the respondents, *Oliver T. Somerville.*

BODINE, J. The writ of *certiorari* in this case was allowed
to review the action of the building inspector of Rutherford
in refusing a permit for the erection of a business building
upon land in the borough of Rutherford known as plot 52A
in Block 219 on the tax map of that borough to be used as
an equipment show and store room.

Upon appeal to the Board of Adjustment the action of the
building inspector was sustained. Both actions are here
for review.

The parties stipulated as to the facts. It appears therefrom
that the prosecutor holds a signed contract for the purchase
of the land in question. He made application to the inspector
of buildings on October 25th, 1945, in accordance with the
ordinance in such case made and provided, for a permit to
erect and use the building to be constructed in the manner
stated. The refusal of the building inspector was rested on

the sole ground that the land in question was in Residence No. 2 District and was restricted to such use; Residence No. 2 District at the point in question is across the road from Business No. 1 Zone. Abutting the land on the south is a gasoline station, beyond it an automobile repair shop, a luncheonette and a store; abutting the land on the east is the police pistol range, and within 500 feet in the rear the city garbage disposal plant is located. The property fronts on State Highway No. 17 which is a very busy highway at this point.

The persons named as owners within 200 feet of the property have consented to the variance.

The only real estate expert called at the hearing testified that prosecutor's land was not suitable for residential purposes, and it would seem that this point must be well taken.

The sewage disposal plant is not far away and also a building used for the storage of chemicals and explosives. The land between the land in question and the railroad is mostly low meadow land bounded by Berry's creek.

Obviously, the location is not desirable nor suitable for residential purposes.

The action complained of is arbitrary, unreasonable and without any justification in law. *Jersey Triangle Corp.* v. *Board of Adjustment of Jersey City,* 127 *N. J. L.* 194. The limitation upon the use of prosecutor's land is not within the statute *R. S.* 40:55–52. *Eastern Boulevard Corp.* v. *Willaredt,* 125 *N. J. L.* 173; *affirmed, Id.* 511. The prosecutor, as before stated, is an owner and holder of a signed contract for the purchase of the land and he is entitled to his writ. *Brown* v. *Terhune,* 125 *Id.* 618.

The action complained of will be set aside, with costs, and a suitable writ may issue, if necessary, to effectuate this determination.